O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GRINNELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. SA CV 15-0555 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

　　　Ronald Grinnell ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying his application for disability benefits. Two issues are presented for decision here:

　　　1.　Whether the Administrative Law Judge ("ALJ") properly assessed the medical evidence, specifically Plaintiff's treating physicians' opinions (*see* Joint Stipulation ("Joint Stip.") at 5-12); and

　　　2.　Whether the ALJ properly rejected Plaintiff's credibility (*see id*. at 5, 16-21).

1

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

### A. The ALJ's Assessment of the Medical Evidence Was Correct or Otherwise Harmless

Preliminarily, Plaintiff contends that the ALJ improperly assessed the opinions of his treating physicians, Dr. Raj P. Rajani and Dr. Ramesh G. Patel. (*See id.* at 5-12, 16-21.)

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

#### 1. Dr. Rajani

Here, the ALJ properly rejected Dr. Rajani's opinion – that Plaintiff was unable to (1) sustain concentration, (2) interact with others, and (3) complete a work week without decompensating – for two reasons. (*See* Administrative Record ("AR") at 366-67, 369, 394.)

First, Dr. Rajani's opinion was inconsistent with the objective medical evidence. (*See id.* at 361-62, 369, 394-95, 610.) In particular, the ALJ noted two pieces of evidence that revealed more functionality than opined by Dr. Rajani: (1) the conclusion of the testifying psychological physician expert,[1] and (2) claimant's treatment records.[2] (*See id.* at 361, 369, 394-95, 411-12, 413-14, 610); *see also Andrews v. Shalala*, 53

---

[1] Specifically, the psychological physician expert, Dr. Kent Layton, testified that Plaintiff demonstrated (1) moderate concentration, (2) persistence and pace, and (3) no decompensations. (AR at 413.)

[2] For instance, treatment notes from a mental health status exam showed that Plaintiff had (1) normal mental status, (2) responsive interactions, and (3) a normal, goal-directed thought process. (AR at 361.)

2

F.3d 1035, 1042 (9th Cir. 1995) (greater weight may be given to opinion of non-examining expert who testifies at hearing subject to cross-examination); *Jue v. Colvin*, 2015 WL 5604361, at *7 (E.D. Cal. Sept. 23, 2015) (ALJ properly gave treating psychiatrist's opinion no weight in part because inconsistent with treatment records).

Second, Dr. Rajani's opinion was inconsistent with Plaintiff's daily activities, particularly Plaintiff's ability to work as a painter. (*See* AR at 245, 394, 450, 506); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency between physician's opinion and claimant's daily activities was specific and legitimate reason to discount opinion); *Nace v. Colvin*, 2015 WL 2383833, at *7 (C.D. Cal. May 18, 2015) (ALJ may properly reject medical opinion that is inconsistent with claimant's demonstrated capacities, such as ability to paint).

Thus, the Court finds no error in the ALJ's assessment of Dr. Rajani's opinion. *See Murray*, 722 F.2d at 502; *Carmickle*, 533 F.3d at 1164.

### 2. Dr. Patel

Next, any error in the ALJ's failure to assign weight to Dr. Patel's opinion – that Plaintiff had difficulty concentrating – was harmless, because the ALJ in fact incorporated Dr. Patel's opinion into the Residual Functional Capacity ("RFC") assessment by limiting Plaintiff to "simple tasks with simple work related decisions" and "work involving no contact with the general public." (*See* AR at 366-67, 392, 394, 414, 610); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ's finding that claimant could do "simple tasks" incorporated mental and pace limitations); *Brooks v. Barnhart*, 76 F. App'x 154, 155 (9th Cir. 2003) (by limiting claimant's interaction with the public, ALJ properly factored concentration, persistence, and pace deficiencies into RFC assessment); *Fountaine v. Colvin*, 2014 WL 4436989, at *8 (W.D. Wash. Sept. 8, 2014) (finding harmless error in ALJ's

rejection of physician's opinion where ALJ's RFC determination in fact incorporated that opinion).

### B. The ALJ Properly Rejected Plaintiff's Credibility

Next, Plaintiff contends that the ALJ improperly assessed his credibility. (*See* Joint Stip. at 16-21.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 498 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided three valid reasons for rejecting Plaintiff's credibility.

First, Plaintiff made inconsistent statements about his abilities. (*See* AR at 22, 51, 175-76); *see also Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct[.]"); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (inconsistency in claimant's statements demonstrated lack of candor that affected credibility of pain description). For example, Plaintiff reported that he walked a half-mile per day, yet testified that he stayed in bed all day, leaving only to eat, take medication, and spend time with his girlfriend. (*See* AR at 22, 175-76.)

Second, the objective medical evidence contradicted Plaintiff's allegations regarding the severity of his symptoms and functional limitations. (*See id.* at 50-51, 52, 175-77, 245, 375, 379-80); *see also Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony). Medical evidence that

4

caused the ALJ to question Plaintiff's credibility included, *e.g.*, (1) a physical examination by a consultative physician revealing that Plaintiff demonstrated normal gait, full strength, and had a full range of motion in all extremities; and (2) medical tests, including an MRI and x-ray, showing mild findings. (*See* AR at 52, 375, 379-80); *see also Lewis v. Astrue*, 238 F. App'x 300, 302 (9th Cir. 2007) (ALJ properly rejected claimant's credibility in part because objective medical evidence, including normal motor strength, contradicted claimant's alleged limitations); *Remick v. Astrue*, 2010 WL 3853081, at *4, *6, *9-10 (C.D. Cal. Sept. 29, 2010) (ALJ properly rejected claimant's credibility in part because objective medical evidence, including mild MRI and x-ray findings, contradicted claimant's alleged limitations).

Third, Plaintiff's daily activities – including working as a house painter, taking daily half-mile walks, and driving a car – were inconsistent with his allegation of complete disability. (*See* AR at 50-51, 175-77, 245); *see also Fair v. Bowen*, 885 F.2d 597, 600, 604 (9th Cir. 1989) (in discounting claimant credibility, ALJ may properly rely on daily activities inconsistent with disability claim, including claimant's ability to drive); *Scansen v. Comm'r Soc. Sec. Admin.*, 2013 WL 3754853, at *4 (D. Or. July 15, 2013) (ALJ properly rejected claimant's allegations of pain in part because he continued to work as house painter).

Thus, the ALJ properly rejected Plaintiff's credibility. *See Benton ex rel. Benton*, 331 F.3d at 1040; *Brown-Hunter*, 806 F.3d at 498.

Accordingly, substantial evidence supports the ALJ's decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

/ / /
/ / /
/ / /
/ / /

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: December 15, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*